XAVIER HOCHREITER, Plaintiff in Error, *v.* THE PEOPLE, etc.,
Defendants in Error.

Statements made in the presence of the prisoner, in the absence of other proof, are to be presumed to have been made in his hearing.

An objection by prisoner's counsel to an inquiry by the prosecution as to what was said and done by a third party in the *presence* of the prisoner, without specifying the nature or ground of the objection, is too general to be available.

DAVIES, J. The plaintiff in error, was indicted in the New York Oyer and Terminer, for the killing of one Leonard Gemder, and convicted of the crime of murder in the second degree. Upon the trial one Lenin, a policeman, testified that he arrested the prisoner and his son in the street, and took them to No. 148 Essex street, in the city of New York, where the deceased then was, but he was too far gone to recognize any one. At that place they met one Enger, who was a witness on the trial, and the district attorney asked Lenin this question, "What did Enger say and do in the presence of the prisoner?" The prisoner's counsel objected to the question, and the court overruled the objection, and allowed the question to be answered, and the prisoner's counsel excepted. After the question was answered, the district attorney put to the witness this question, "Did Enger make any motion, and if so what?" The prisoner's counsel objected to this question, and the court overruled the objection, and the counsel excepted. The witness answered that he threw up his hands. No ground of objection is stated to either questions in the bill of exceptions, and the counsel for the prisoner contends on the argument that he was now at liberty to assume any ground of objection ; and he now argues that the first question was objectionable on the ground that it did not limit the inquiry to what was said and done in the hearing of the prisoner. It is to be observed that the question called for not only what was said in the presence of the prisoner, but what was done in his presence. I do not understand the prisoner's counsel now to argue that it was not legitimate to prove what Enger did in the presence of the prisoner, but he contends that by possibility what was said in his presence might not have been said

in his hearing. A portion of the question, that is, what was done in the prisoner's presence, it is not questioned, was legal and proper, and if the other portion, what was said in the prisoner's presence, was objectionable on the ground that it was not said in his hearing, that objection should have been pointed out upon the trial. The exception is to the question, what was *said and done* by Enger in the presence of the prisoner—covering, therefore, both branches of the inquiry. The latter portion·is conceded to be legitimate, and the former portion is also conceded to be proper if it had appeared that what was said was said in the hearing of the prisoner. This objection, to have availed the prisoner, should have been specifically pointed out on the trial, and as the exception covers clearly what was a legitimate inquiry, it cannot be questioned. But it may well be questioned, whether the whole inquiry does not clearly indicate that it pointed to what was said in the hearing of the prisoner. He was then present, and any inference would be in the absence of any countervailing circumstance, both from the question and the answer that the conversation inquired about and detailed were in the hearing of the prisoner. In *Rex* v. *Bartlett* (7 Carr. & P., 832), Greaves, for the prosecution, was proceeding to detail the anticipated proof on the trial, and stated that a portion of such proof would consist of what the wife of the prisoner said in his presence, and the same was objected to, and BOLLAND, Baron said he had no doubt the evidence was admissible. I have no doubt that it was competent for the district attorney to show what was said in the presence of the prisoner, and the inference is irresistible, in the absence of any circumstance tending to raise a contrary presumption, that what was said in the prisoner's presence was also said in his hearing. If it was not it was competent for the prisoner to rebut the legitimate inference that he was so circumstanced that he did not, or could not have heard what was said. The general objection to the question was properly overruled.

The second question was proper enough in itself, for it might have elicited an answer, tending to show the guilt of

the prisoner. The answer indicates clearly that it produced no harm to the prisoner, as the act of Enger in throwing up his hands was entirely immaterial and of no significance whatever. As the objections to these two questions are the only ground relied upon by the counsel for the prisoner, to procure a reversal of the judgment of affirmance of the conviction of the plaintiff in error, and as we have seen that both objections are untenable, it follows that the judgment of the Supreme Court must be in all things affirmed.

HOGEBOOM, J. The plaintiff in error was tried and convicted of murder in the second degree in the New York Oyer and Terminer, in January, 1861. He brings a writ of error to reverse the judgment there rendered, and alleges that evidence was improperly received at the trial, in two particulars: first, evidence of the declaration of a third person (Enger) immediately after the occurrence in the presence of the prisoner, to wit, that the prisoner was the person who stabbed the deceased; second, evidence of an act or motion of such person under like circumstances, to wit, that Enger threw up his arms. This evidence was admitted in reply to the two following questions: 1. What did Enger say and do in the presence of the prisoner? 2. Did Enger make any motion, and if so, what? I think neither of the exceptions are well taken.

It is supposed the first question was inadmissible, because it did not inquire *in terms*, upon the face of the question, as to a declaration made in the *hearing* as well as in the *presence* of the prisoner. The answer is, that if in the presence of the prisoner it is presumed to have been in his hearing also. The former, in the absence of evidence to the contrary, implies the latter. If there were any doubt about it on the facts appearing in the case, the counsel for the prisoner should have objected on that ground, or asked the court for permission to make the fact explicit by evidence one way or the other, and the court would unquestionably have allowed such examination, or required the question to cover such ground. But the objection to the question was general, leaving naturally the impression upon the mind of

the court that it was the declaration itself, and not the circumstances under which it was made, which constituted the point of the objection.

The case of *Ward* v. *The People* (3 Hill, 395), is not in point to support the validity of this objection. There a question, the competency of which was neither urged nor objected to except on general ground, was excluded at the trial, and the court of review, sustaining the decision of the court below, said " any objection may be urged to it here that could have been taken on the trial." In other words, a party offering evidence which is excluded must, on appeal, be able to show that there is no just ground for its exclusion. Here the evidence was admitted, and the general objection overruled, and properly: first, because in any aspect of the case the question was admissible, as by necessary implication embracing the fact supposed to be omitted; and, secondly, because if the question were objectionable, it was so only in a partial and circumstantial sense, which the generality of the objection tended to conceal rather than disclose.

The other exception is equally untenable. I do not know why an *act* of a third person done in the presence of the prisoner, is not equally admissible, as a *declaration* made in his presence, provided the nature of the act may be supposed likely to have shed some light upon the nature of the offense, or the guilt of the person. To either, or both, the prisoner would have an opportunity to furnish an explanation if he desired. In this case the court was at liberty to presume an objection made before the question was answered, that the answer might furnish pertinent evidence in the case, and although the answer actually given, to wit: that he (the third person) threw up his arms, does not seem to shed much light on the case, it was not subsequently objected to, nor asked to be stricken out, and it could not possibly have operated to the legal prejudice of the prisoner.

MULLIN, J., dissented, and read an opinion in favor of reversal. All the other judges being for affirmance.

Judgment affirmed.