·JOHN B. MANNING, RESPONDENT, v. GEORGE WINTER, AS SURVIVOR OF HIMSELF AND WILLIAM ECKERT, DECEASED, APPELLANT.

*Evidence — Pleading — answer, general denial — what can be given in evidence under — New matter — Code, § 149.*

In an action for goods sold and delivered, when the answer is a general denial, the defendant can give evidence that the plaintiff had contracted to deliver certain merchandise, and had only delivered part thereof.

New matter, as the phrase is used in section 149 of the Code, means matter extrinsic to the matter set up in the complaint, as the basis of the cause of action.

APPEAL by defendant from a judgment in favor of the plaintiff, entered upon a verdict of a jury, under direction of the court.

*Jacob A. Gross*, for the appellant.

*H. C. Day*, for the respondent.

E. DARWIN SMITH, J.:

The plaintiff, in his complaint, claimed to have sold and delivered to the defendants barley malt at and for the price, and of the value of $378.78, for which the defendants agreed to pay.

At the trial, the plaintiff gave evidence sufficient, *prima facie*, to entitle him to recover for 250 bushels of barley malt delivered to the defendants, and rested.

The defendants then, under the general denial of their answer, offered to prove the contract under which said barley was delivered, and to show that it was part of 5,000 bushels of barley malt which the plaintiff had agreed to sell to the defendants; and that, after the delivery of said 250 bushels of said barley, the plaintiff refused to deliver the residue of said barley.

The circuit judge held that although the evidence so offered tended to establish a valid defense, yet such defense was not admissible under defendants' answer of a general denial, and overruled such offer, and directed a verdict for the plaintiff for $413.17, to which ruling and decision the defendants' counsel duly excepted.

This ruling, I think, was error. The defendants' proof was simply directed to disprove the plaintiff's cause of action, and to meet the plaintiff's evidence. Where a plaintiff shows a part of a transaction or contract, or gives evidence sufficient in respect to it to authorize a verdict, or to imply a contract, the defendant must be entitled to prove the whole transaction under his general denial, and to show that the plaintiff has no cause of action.

Evidence simply directed to repel a presumption, or to show an express contract to displace an implied one, set up and proved, is not evidence to prove new matter.

New matter, as this phrase is used in section 149 of the Code, means matter extrinsic to the matter set up in the complaint, as the basis of the cause of action.

The defendants in this case sought to show the whole contract between the parties in respect to this barley malt; and that, by the terms and force of such contract, the plaintiff had no right of action.

His right to do so, under his general denial of the plaintiff's cause of action, seems to me quite plain, and is supported, I think, by abundant authorities, among others, by *Andrews* v. *Bond* (16 Barb., 633); *Schermerhorn* v. *Van Allen* (18 id., 29); *Beaty* v. *Swarthout* (32 id., 293); and *Boomer* v. *Koon* (13 S. C. N. Y. [6 Hun], 645).

The judgment should be reversed, and a new trial granted with costs to abide the event.

MULLIN, P. J., concurred in the result upon the principle of *stare decisis*, having reference to the case of *Boomer* v. *Koon* (*supra*), and the case of *Carr* v. *Jackson* (decided at the last January Term). In that case the action was brought in a Justice's Court to recover for the value of a load of hay. The plaintiff proved the delivery and receipt of the load of hay and rested; and the defendant sought to prove that the hay was delivered and received, upon an agreement that the same should apply upon a subscription for his services as a minister. This evidence was excluded on the ground that it was inadmissible under the general denial of the defendant's answer, and the facts should have been set up as a defense; and judgment was rendered for the plaintiff, which, on appeal to the County Court, was reversed. On appeal to this court the judgment of the County Court was affirmed on the report and opinion of GILBERT, J.; MULLIN, P. J., and SMITH, J., concurring.

GILBERT, J. (dissenting):

The complaint avers a sale and delivery of barley of a specified value. The answer is a general denial. The evidence given by the defendants established the sale and delivery of the barley sued for, and if allowed to stand, its only other effect would have been to avoid the liability arising therefrom, by showing that the barley was sold and delivered pursuant to a special contract, which the plaintiff had broken, and that the defendants had sustained damages by reason of such breach. That was new matter constituting a defense, and the Code (§ 149) requires that it shall be pleaded. Putting the facts proved into the answer, they would have amounted to a simple confession and avoidance of the allegations contained in the complaint, instead of a denial thereof. It would have been

unfair and a surprise to the plaintiff, to permit such a defense to come in under a general denial.

I think the ruling of the judge at Circuit on this point was correct, and that it is abundantly sustained by authority. (*McKyring* v. *Bull*, 16 N. Y., 297; *Kniffen* v. *McConnell*, 30 id., 285; *Paige* v. *Willet*, 38 id., 28.)

Nor can I discover any error in the refusal of leave to amend the answer. The amendment sought would have substantially changed the defense.

The judgment and order must be affirmed, with costs.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment reversed and a new trial granted, with costs to abide event.