STARK *v.* GRANT, Sheriff.

(*Common Pleas of New York City and County, General Term.* December 7, 1891.)

1. REPLEVIN—TITLE OF PLAINTIFF—SALE WITHOUT DELIVERY.
    Where chattels are sold without delivery or change of possession, and they are afterwards levied on under execution against the seller, if any evidence is given by the purchaser in replevin to recover the same, to repel the inference of fraud arising from non-delivery, the question of the *bona fides* of the sale is for the jury.

2. SAME—FORFEITURE TO FEDERAL GOVERNMENT.
    In such action, it is no defense that plaintiff had committed an act which exposed the goods to forfeiture at the suit of the federal government, the goods being the property of plaintiff until judgment of forfeiture duly rendered.

Appeal from city court, general term. Affirmed.

Action by Frederick Stark against Hugh J. Grant, sheriff of the city of New York, to recover chattels taken in execution against Rosenthal. From a judgment of the general term of the city court affirming judgment on a verdict, and from an order denying a motion for a new trial, defendant appeals.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Fromme Bros.*, for appellant. *Hays & Greenbaum*, (*Daniel P. Hays*, of counsel,) for respondent.

PRYOR, J. Affirmance of the judgment and order in the court below concludes this court upon every question of fact, (*Bell* v. *Bartholomew*, 12 Wkly. Dig. 33; *Walsh* v. *Schulz*, 67 How. Pr. 186;) and, the evidence conflicting upon the question of title, we have no authority to challenge the validity of the verdict. But the appellant imputes error of law to the refusal to dismiss the complaint, and upon these grounds: *First.* Because there was no proof of a purchase of the goods by plaintiff from Rosenthal, yet the plaintiff testified positively and circumstantially to the fact of the sale, and the jury believed him. *Second.* Because the sale was void as to the judgment creditor, for lack of delivery and change of possession. It is familiar law that a failure to take delivery and possession pursuant to the statute merely raises a presumption of fraud, which may be rebutted by proof of a *bona fide* purchase for value, and that, if evidence be given to repel the arbitrary inference of fraud, the question is for the jury, and their decision is conclusive- *Thompson* v. *Blanchard*, 4 N. Y. 303, 306; *Gardner* v. *McEwen*, 19 N. Y. 123; *Allen* v. *Cowan*, 23 N. Y. 502; *Tallman* v. *Kearney*, 3 Thomp. & C. 412; *Wallace* v. *Nodine*, (Sup.) 10 N. Y. Supp. 919; *Dudley* v. *Danforth*, 61 N. Y. 626. Here the evidence was abundant to authorize a finding by the

jury that the plaintiff was a purchaser in good faith and for value.   *Third.* Because the plaintiff, having committed an act which exposed the goods to forfeiture at suit of the federal government, had no title to them.   But the goods were the property of plaintiff, except as against the United States, and as to the United States, even, they continued his property until judgment of forfeiture duly rendered.   *Tracey* v. *Corse,* 58 N. Y. 144.   Appellant's other exceptions are not of sufficient plausibility to require consideration.   Judgment affirmed, with costs.   All concur.