(7 Misc. Rep. 668.)

### CLAFLIN et al. v. NEW YORK STANDARD WATCH CO.[1]

(Common Pleas of New York City and County, General Term. April 2, 1894.)

1. APPEAL—REVERSAL ON APPEAL FROM CITY COURT TO COMMON PLEAS.

   After affirmance of an order denying a new trial by the general term of the city court, this court cannot reverse the judgment because the verdict is against the weight of evidence.

2. SAME—WEIGHT OF EVIDENCE.

   On appeal from the city court, this court cannot reverse the judgment on the ground that the verdict was without evidence to support it, in the absence of a request by the appellant for a dismissal, or direction in his favor, and an exception to a denial of the motion.

3. PAYMENT—BURDEN OF PROOF.

   In an action on a promissory note, an answer of payment is an affirmative defense, and the burden of proving it is on the defendant.

4. APPEAL—OBJECTIONS TO EVIDENCE.

   A general objection that evidence is immaterial and irrelevant is insufficient to present the point that the fact proposed to be proved is not within the issues.

(Syllabus by the Court.)

Appeal from city court, general term.

Action by John Claflin and others against the New York Standard Watch Company on a promissory note. From a judgment of the city court (23 N. Y. Supp. 324) affirming a judgment entered on a verdict in favor of defendant, plaintiffs appeal. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Charles W. Gould, for appellants.
John W. Weed, for respondent.

PRYOR, J. The bulk of appellants' voluminous brief is addressed to the point that the verdict is without proof to sustain it, or, at all events, is against the weight of evidence. But, since at no stage of the trial was a motion made by the plaintiffs for a direction in their favor, we are precluded from consideration of the question whether the verdict be unsupported by evidence. Schwinger v. Raymond, 105 N. Y. 648, 11 N. E. 952. And by affirmance of the judgment, and the order denying a new trial, by the general term of the court below, we are equally powerless to reverse on the ground that the verdict is against the weight of evidence. Arnstein v. Haulenbeek (Com. Pl. N. Y.) 11 N. Y. Supp. 701; Stark v. Grant (Com. Pl. N. Y.) 16 N. Y. Supp. 526. Our function, therefore, is confined to a review of errors in law duly presented by exceptions to the rulings of the court.

The exception taken to the allowance of the opening to the defendant is untenable. A plea of payment is new matter, and the burden of proving it is upon the defendant. McKyring v. Bull, 16 N. Y. 297, and cases collected in note, 69 Am. Dec. 705.

[1] Leave to appeal denied. See 28 N. Y. Supp. 1143.

The chief allegation of error by the appellants proceeds upon the assumption of an account stated between the parties. But whether the account had been stated was, on the evidence, a question of fact, was submitted to the jury in an unexceptionable charge, and with us the verdict is conclusive of the issue.

The recall of the witness after the close of the cross-examination, and his testimony to matter not strictly in rebuttal, were allowable, in the discretion of the court, and hence are not the subject of exception. Marshall v. Davies, 78 N. Y. 414.

A refusal to strike out evidence admitted without proper objection is not error of law. Holmes v. Moffat, 120 N. Y. 159, 24 N. E. 275. And an objection to evidence as irrelevant and immaterial is not equivalent to a claim that it is not within the pleadings, for evidence may bear upon the issue, and yet so remotely and insignificantly as to be immaterial and irrelevant.

The multitude of other exceptions in the record have been examined, and the result is a clear conviction that they are invalid. To explore them in detail, and elaborately demonstrate the futility of each, would involve a labor as tedious as unprofitable. Upon a review of the entire record, we are satisfied that in the trial of the cause no error was committed to the prejudice of plaintiffs, and that the judgment is in accordance with the justice of the case. Judgment affirmed, with costs. All concur.