COSTELLO v. HERBST.

(City Court of New York, General Term. April 27, 1896.)

1. APPEAL—REVIEW—EVIDENCE.

A verdict based on conflicting evidence will not be disturbed unless it is apparent that it was the result of passion or prejudice; and because the appellate court, if the case had been tried before it, might have decided for appellant, is insufficient.

2. CONTRACTS—EVIDENCE.

Plaintiff claimed that the goods sought to be recovered were delivered to defendant under a contract of conditional sale, whereas defendant claimed that he was a mere consignee thereof, and entitled to a lien thereon for his reasonable charges for their keep. *Held*, that it was proper to admit evidence as to the whole course of dealings between the parties.

Appeal from trial term.

Action by Margaret Costello against Robert Herbst. From a judgment entered on a verdict in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN WYCK, C. J., and FITZSIMONS and McCARTHY, JJ.

Hoadly, Lauterbach & Johnson, for appellant.
James Henderson, for respondent.

FITZSIMONS, J. This action was tried upon the theory on plaintiff's behalf that she sold and delivered conditionally certain goods to the defendant,—that is to say, that he would pay a certain price therefor; upon his failure to do so, that he would return such goods to the plaintiff. Defendant contended that he was a mere consignee of such goods, and, before the plaintiff was entitled to a return thereof, she would have to pay defendant all his reasonable charges and liens against the same. Upon these conflicting contentions, the case went to the jury, and was decided in favor of the plaintiff. The defendant's main argument is that such verdict was against the weight of evidence. We have carefully examined the record, and do not agree with him. While there is considerable evidence in defendant's behalf tending to sustain his claim, and which would have justified the jury in rendering a verdict in his behalf, yet, on plaintiff's side, there is certainly evidence enough to justify a jury in finding in plaintiff's favor, which they did in this instance. It was the duty and function of the jury to determine between these conflicting theories, and their conclusion should not be disturbed unless it is apparent that their verdict is the result of passion, prejudice, sympathy, or some such consideration, which is not the case here. The mere fact that we, if we had tried the case, might have decided in defendant's favor, would not justify us in reviewing the finding of the jury.

We think the trial justice, in this instance, was right in allowing plaintiff to show the whole course of dealings, from their commencement, between the parties hereto, because it is apparent that only in that way could the jury determine what the agreement between them was, concerning the goods delivered. In that view of the question, it was evidently the duty of the trial justice to allow such evidence, and he was right in admitting the same.

In our judgment, no error was committed, and the verdict must be sustained, with costs. All concur.