### ENSIGN v. HOOKER.

(Supreme Court, Appellate Division, First Department. June 5, 1896.)

1. PLEADING—EVIDENCE—ACTION ON ACCOUNT STATED.
   In an action on an account stated defendant may introduce, under a general denial, any evidence tending to disprove any of the facts essential to plaintiff's recovery.

2. TRIAL—INSTRUCTION—EXCEPTION.
   Where an instruction embodies several distinct propositions, any one of them objected to as being erroneous or misleading should be specifically pointed out by exception; and a general exception to the instruction as a whole will not avail if any of the propositions are correct.

Appeal from circuit court, New York county.

Action by Hermon L. Ensign against Walter H. Hooker on an account stated. From a judgment entered on a verdict in favor of defendant, and from an order denying a motion for new trial, plaintiff appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Abram Kling, for appellant.
Abram F. Servin, for respondent.

RUMSEY, J. The action was brought to recover upon an account stated between the parties. The answer was a general denial, and nothing more. Upon the trial several objections were taken to the admission of evidence, which were overruled, and the ruling of the court upon those objections is now relied upon for error to reverse the judgment. To understand the point of these objections it is necessary to examine somewhat into the evidence which was offered by the plaintiff. It appeared from the testimony that the plaintiff and defendant had been engaged in the transac-

tion. of the business of a partnership of which the defendant and the plaintiff's stepmother were members. By the terms of the co-partnership agreement, plaintiff's stepmother, Mrs. Ensign, was to receive $3,000 a year for her services, which were to be paid to the plaintiff. The partnership continued five years. The claim of the plaintiff was that he drew out no part of the $3,000 to which he was entitled, but that soon after the partnership was commenced he made an agreement with the defendant to the effect that, if he would permit that money to stay in the business of the firm, it should be finally repaid to him, with interest. His claim now in this action is that at the time of the dissolution of the firm there was some talk about the repayment of this $15,000, with interest, which he claims had been promised to him, and that after some discussion it was agreed between the parties that if he would make the amount $15,000, instead of $15,000 and interest, Hooker would pay the $15,000, assume the debts of the firm, and hold Mrs. Ensign harmless. It was upon this agreement, pleaded as an account stated, that the plaintiff brought this action. The testimony to sustain the action came from the plaintiff himself. He swore that when they were discussing the terms of the dissolution of the partnership,—about the 25th of April, 1893,—Mr. Hooker said that he would buy Mrs. Ensign's interest; that Ensign then said to him, "How about my $15,000 and interest?" to which Hooker replied, "Make it $15,000, and I assume the debts of the firm, and hold Mrs. Ensign harmless;" to which Ensign says he agreed. Upon cross-examination he was asked whether that was all that was said in that conversation, to which he replied that there was a great deal more said. He was asked then if any notes passed between the parties at that time, or as the result of that conversation, to which he replied that he did not recollect any, unless it was some notes for Mrs. Ensign. The defendant then in several questions upon the cross-examination of this witness, and by the mouths of other witnesses, and by his own testimony, proposed to show, and was permitted to show, his version of what occurred between these two parties at the time the dissolution was agreed upon. His testimony was, in substance, that Ensign offered to give him $8,000, or offered to pay $20,000 for his interest; and that finally, after several conversations, he agreed to take $15,000 for his interest in the business, and afterwards he agreed to take $12,500, and that he (Hooker) accepted it, and gave him four notes, one for $2,500, and three others for $3,333.33 each. Different witnesses were sworn to establish the fact that there was talk between the parties about these notes, and that the notes were actually given. The objection on the part of the plaintiff was that the evidence of these notes was not competent for the purpose of proving payment of the claim which was sued upon, because no such defense was pleaded in the answer. This objection was overruled.

An analysis of the claim of the plaintiff and of the facts which he was bound to prove to establish his claim will enable us to see clearly whether evidence of this sort was admissible on the part of the defendant. The action was brought upon an account stated.

To enable the plaintiff to recover upon it, he must show that at the time alleged there existed a demand between the parties which was acceded to by the defendant, and a fixed and certain sum was admitted to be due, and that there was either an express agreement to pay, or such an admission as would authorize the jury to find an implied agreement. Zacarino v. Pallotti, 49 Conn. 36; 2 Greenl. Ev. § 126. Under the general denial, while the defendant could prove no affirmative defense, he was entitled, not only to controvert and deny the proof of the plaintiff, but to introduce any evidence which would controvert the facts that the plaintiff was bound to prove in order to sustain his action. Andrews v. Bond, 16 Barb. 633, 641; Pom. Rem. § 660 et seq. The plaintiff was required to prove that at the time of the conversation about the 25th of April, 1893, there was conceded between the parties to be due to him a certain amount, which was agreed upon at $15,000. The defendant might controvert this by proving either that no such conversation was had at all, or that as the result of the conversation no such amount was agreed upon, or that, whatever amount was agreed upon, the payment of it was provided for in another way. This he could do, of course, not for the purpose of proving that there was a payment, but for the purpose of disproving the claim of the plaintiff that there was an account stated between them which was left in that shape. The evidence offered on the part of the defendant tended to show that, so far from there being any such amount as $15,000 agreed upon between the parties, there was a less amount; and that, so far from there having been an express or implied promise to pay $15,000 as a lump sum, the agreement was to pay another sum by the giving of notes, which were actually given to carry out the agreement. If these facts were established, and the jury believed them, it necessarily follows that the plaintiff's action upon an account stated failed, because, as the result of the transaction, the situation of the parties was, not to leave a certain amount due as an agreed balance, but to have a certain amount, which was to be payable by notes, and could only be paid when the notes had been given. For that reason the evidence which was offered and received against the plaintiff's objection was competent under the general denial to disprove the claim that an account had been stated and a certain balance remained due at that time.

But there is another reason why this evidence is perfectly competent. The plaintiff sought to prove his case by proving a portion of a conversation which took place about the 25th of April, 1893. He says himself that there was a great deal more said in that conversation than he gave in his direct examination. It needs no citation of authorities to show that the defendant, upon his part, was entitled to have the whole of that conversation from the beginning to the end of it, either upon cross-examination or upon his direct examination, because, as the plaintiff based his claim upon what was said at that time, the jury were entitled to have the whole of it to enable them to pass understandingly upon the rights of the parties. The point that the payment was not pleaded was more

especially taken in regard to the evidence of one Emerson, who was asked whether he knew of certain notes having been given to Mr. Ensign by Mr. Hooker for $1,000 each.     To that question the precise objection was taken that it was incompetent, irrelevant, and immaterial, and if it was sought to be an accord and satisfaction it was not pleaded in the answer.     The evidence was competent for the reasons given above, because it tended to corroborate the statement of the defendant that there was an agreement to give certain notes, which was a part of the transaction of April 25, 1893, and that agreement was carried out.     But, as it turned out, the evidence which was given did not establish any such fact, because the witness testified that he did not deliver any notes to Mrs. Ensign, but that he delivered the notes to Mr. Seaver, the secretary of the National Advertising Company, in payment of what was conceded to be a debt due from the firm of Hooker & Ensign to that company of $2,000.     For that reason that testimony was of no materiality whatever.

After the judge had charged the jury, certain requests were presented to him on the part of the defendant, and certain of them were charged.     One of them, which is called the "tenth request," is as follows:

"That to constitute an account stated it is necessary that there be both mutual examination of the claims of each other by the parties, and that there must be also a mutual agreement between them as to the allowance or disallowance of the respective claims and of the balance as it is struck upon the final adjustment of the whole account and the demands on both sides, and that the minds of the parties must meet upon the allowance of each item or claim allowed, and upon the disallowance of each item or claim rejected, and that they must mutually concur upon final adjustment, and nothing short of this in substance will fix or adjust their respective demand or demands as an account stated."

The counsel for the plaintiff excepted to that charge.     Undoubtedly, as an abstract proposition of law, the charge was correct, and that is not disputed by the plaintiff; but he claims that it was misleading to the jury, because they might fairly understand from it that to constitute an account stated there must be mutual claims between the parties, which must be examined, and there must be a mutual agreement as to allowing certain parts of each claim.     But the charge as made said nothing of the kind.     It said only that to constitute an account stated there must be "both mutual examination of the claims of each other by the parties."     That is very far from saying that to constitute an account stated it is necessary that there should be mutual claims.     The charge said, further, that there must also be a mutual agreement between them as to the allowance or disallowance of the respective claims, and of the balance as it is struck upon a final adjustment of the whole account, and that the minds of the parties must meet upon the allowance of each claim allowed and upon the disallowance of each claim rejected, and they must mutually agree upon the final adjustment. This charge can only be erroneous in the face of a general exception if it necessarily led the jury to believe that there must be mutual claims,—i. e. claims upon each side, which were brought to-

gether, and a balance struck upon them,—to constitute an account stated. But it is clear that nothing of the kind was said. The thing upon which stress was laid by the learned judge in that charge was that there must be a mutual agreement, and all concede that such mutual agreement is of the actual essence of an account stated, and that until that is made there can be no such account; so that, to a certain extent at least, the charge was correct. That being so, a single exception to the several propositions, of the charge, if one of them was correct, would not avail. Haggart v. Morgan, 5 N. Y. 422. In such a case, where counsel believe that the charge is misleading to the jury because of certain phrases inserted in a proposition which is otherwise correct, it is necessary, to enable him to get a valid exception, that he should put his finger upon the proposition objected to, and employ such language that there can be no doubt of the nature of the exception he takes, and the object for which he takes it, so as to enable the judge to correct or modify the language used, if he thinks proper to do so, and to prevent any misapprehension as to what portion of the charge the exception was intended to apply. In this case, if counsel thought the jury were misled because they were bound to believe from this statement of the law that there could be no account stated unless there were mutual claims which were agreed upon, it was his duty to have presented that proposition to the judge, so that he could have corrected it, and explained it to the jury. The court is not called upon, where a general exception is taken to a charge which contains a proper statement of a proposition of law, to examine into that statement, and correct a portion of it, unless his attention is called to that particular portion of it which is alleged to be unsound; and, if counsel see fit to stand upon an exception to a proposition, a part of which is correct, they cannot find any fault where they fail to point out the incorrect proposition, if their exception is held to be of no avail.

For this reason we think there was no error of which the plaintiff can take advantage in the record in this case, and that the judgment and order must be affirmed, with costs. All concur.