(18 Misc. Rep. 176.)

## COSTELLO v. HERBST.

(Supreme Court, Appellate Term, First Department.   October 29, 1896.)

1. APPEAL FROM CITY COURT—REVIEW OF FACTS.
    The appellate term of the supreme court cannot consider the weight of evidence on appeal from the general term of the New York City court.
2. TRIAL—OBJECTIONS TO EVIDENCE.
    A general objection to a question is not sufficient, where the question is proper in part.

Appeal from city court of New York, general term.

Action by Margaret Costello against Robert Herbst.   From a judgment of the city court (38 N. Y. Supp. 1123) affirming a judgment in favor of plaintiff, defendant appeals.   Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Hoadly, Lauterbach & Johnson (J. V. Bouvier, Jr., of counsel), for appellant.

J. Henderson (H. C. Skelly, of counsel), for respondent.

McADAM, J.   The action was to recover $623 and interest as a balance due for goods which James C. Hadden, the plaintiff's assignor, had delivered to the defendant, at his request, on his agreement either to pay therefor or return the goods.   The defendant claimed that he received the goods upon consignment, to be held for the assignor's account, with power to sell, subject to all advances, commissions, and charges incurred by him, the amount of which exceeded the value of the goods.   While the acts of the parties assumed, to an extent, the form contended for by the defendant, the plaintiff's assignor testified that the understanding on which the consignments were made was that the defendant should either pay for the goods or return them.   If the goods had been returned, the moneys paid by the defendant to the assignor would have been regarded as advances, or, if the defendant had offered to return the goods upon being reimbursed his advances, the dealings would have continued in the form of consignments.   But as the defendant, according to the evidence, refused to return the goods, the transactions became sales to the defendant; and what he terms "advances," payments on account.   Separate prices were put upon the goods, and it was optional with the defendant either to make use of the property in his own way, paying these prices, or to reject and return the goods, and avoid the consequences of a sale.   The defendant contends that in order to effect a sale of the merchandise he had the right to further ship and consign the same to correspondents and representatives of his, wherever they might be located, and the expenses attendant upon such further shipment or consignment were to be borne by Hadden, plaintiff's assignor; in short, that the goods were consigned in the usual course of trade, and in accordance with the rules prevailing in that class of traffic.   The evidence gives color to this contention, and the general term of the court below might, in its

discretion, have concluded that the transactions were consignments of this character, and reversed the judgment on the facts; but we cannot do that, there being some evidence to sustain the finding of the jury. The verdict having been upheld by the trial judge, and the finding sustained by the general term by its affirmance of the judgment, this court cannot consider the weight of evidence. Arnstein v. Haulenbeek (Com. Pl.) 11 N. Y. Supp. 701; Claflin v. Watch Co., 7 Misc. Rep. 668, 28 N. Y. Supp. 52; Gleason v. Thom, 16 Misc. Rep. 30, 37 N. Y. Supp. 680; Kreizer v. Allaire, 16 Misc. Rep. 6, 37 N. Y. Supp. 687.

In speaking and writing of the moneys credited as payments on account, the assignor in some instances termed them "advances"; and from the use of this term the defendant insists that the transactions will bear only the interpretation that they were consignments, in the manner and to the full extent claimed by him in his defense. But this does not follow, because it is not inconsistent with the claim of the plaintiff that the deliveries were nothing more than consignments, if the defendant was willing to return the goods, charged with his lien for the advances, but, if he declined to return them (and the plaintiff swears he did decline), that they should be considered as executed sales. The invoices contained fixed prices at which the defendant might have the goods, and his retention of them, according to the understanding, was to convert the consignments into sales at the prices named, and the so-called advances into payments on account. The convertibility of the transactions from consignments to sales has led to the introduction into different parts of the record of a contrariety of terms, such as "sale," "conditional sale," and "consignment," which is apt to confuse if the meaning of these words as applied to the dealings is not kept in mind. The defendant admits that on several occasions, when he had orders for goods from his South American customers, he purchased the goods from the assignor outright, and that on other occasions when goods were consigned the latter waived the accounts of sale, and took a lump sum in payment, and thus the transactions apparently appeared as sales, when in fact they were not. In all instances, however, the goods were billed directly to the defendant at agreed prices, delivered aboard the ship designated by him, and cleared in his name. The special agreement relied on by the plaintiff was one the parties had a legal right to make, and deliveries under it divested the plaintiff's assignor of all title or control over the goods, unless the defendant elected to return them, for until the exercise of this option the goods were practically his. He had the jus disponendi, and was at liberty to sell upon his own terms, and to whomsoever he pleased; the only consequence being that he was to pay to Hadden the prices charged by him in the invoices, and to this extent (less the advances) would become Hadden's debtor. See Ex parte White, 6 Ch. App. 397; In re Nevill, Id.; In re Linforth, 4 Sawy. 370, Fed. Cas. No. 8,369; Fish v. Benedict, 74 N. Y. 613; Carter v. Wallace, 32 Hun. 384. The rule in regard to such sales is laid down in 21 Am. & Eng. Enc. Law, 647, as follows:

"Contracts of sale made on condition that the property may be returned at the option of the buyer are regarded by the courts as carrying the property absolutely to the buyer. The act of returning the goods is a condition subsequent, which may, if performed, defeat the title vested. If the right of return is not duly exercised, and the property is retained, the right is forfeited, and the sale becomes absolute, like any other sale. If the time for deciding whether to keep the goods has been fixed by the contract, the decision must be made and communicated to the seller within the time agreed upon. If this provision of the contract has not been complied with, the sale becomes absolute, and the buyer becomes liable for the price. * * * If there is no time fixed for exercising the option of taking or returning the goods, the decision must be made within a reasonable time. The jury must determine, under all the circumstances of the case, what is a reasonable time."

The defendant claims that the trial judge erred in admitting evidence as to Hadden's method of doing business with the defendant anterior to the transactions in suit. The course of dealing was uniform, and the evidence was "for the purpose of explaining their acts and communications with each other in reference to the transaction now in controversy." Richards v. Millard, 56 N. Y., at pages 581, 582. And see Abb. Tr. Ev. 318. A general objection to the proof, that it is incompetent and irrelevant, is unavailing as a ground of exception, if the evidence is admissible for any purpose. Hersey v. Benedict, 15 Hun, 282, 285; Beebe v. Bull, 12 Wend. 504. So, where a question put to a witness is proper in part only, a general objection is not sufficient to make it error to admit it. The particular ground of objection must be pointed out, or otherwise the true point may be concealed, rather than disclosed. Hochrieter v. People, 2 Abb. Dec. 363, *40 N. Y. 66. And see Ensign v. Hooker, 6 App. Div. 425, 431, 39 N. Y. Supp. 543, 547. The trial judge was not called upon to limit the effect of the evidence, nor to qualify its purpose, in his instructions to the jury, and there is no specific objection in the record in regard thereto which proves error.

The assignments of the claim from Hadden to Wilson R. Brown, and from the latter to the plaintiff, were in writing, and it was not objected that they were insufficient in form to pass title to the plaintiff. The effort of the defendant to get at the amount of consideration for the transfers was without merit, because of the immateriality of the inquiry. Hays v. Hathorn, 74 N. Y. 486; Freeman v. Falconer, 45 N. Y. Super. Ct. 383; Stone v. Frost, 61 N. Y. 614; Allen v. Brown, 44 N. Y. 228; Sheridan v. Mayor, etc., 68 N. Y. 30.

We find no reason which calls for reversal, and the judgment must be affirmed, with costs. All concur.