### SHAFARMAN v. LOMAN.

(Supreme Court, Appellate Term. October 16, 1900.)

1. APPEAL—JUDGMENT—EVIDENCE—SUFFICIENCY.

Where at close of plaintiff's case a motion to dismiss the complaint was granted, no grounds being specified for the motion, nor any reason given by the trial justice for his action, on an appeal from such order the evidence should be considered from a standpoint most favorable to plaintiff.

2. CONDITIONAL SALES—RETURN—FAILURE—EFFECT.

Where goods are sold on an understanding that they may be returned within a specified time, if the right of return is not exercised the sale becomes absolute, and the seller may recover the agreed price by an action. as for goods sold and delivered.

Appeal from municipal court, borough of Manhattan, Fifth district.

Action by Louis Shafarman against Susan E. Loman. From a judgment in favor of defendant, plaintiff appeals. Reversed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GORMAN, JJ.

Max Silverstein, for appellant.

George W. Gibbons, for respondent.

PER CURIAM. At the close of the plaintiff's case a motion was made by the counsel for the defendant to dismiss the complaint,

which was granted without further remark by the trial justice. No grounds whatever were specified for the motion, nor was any reason therefor given by the trial justice in announcing his decision. We are therefore bound to consider all the evidence in the case in a manner and from a standpoint most favorable to the support of the plaintiff's claim, and to uphold the decision of the trial court .only where it is apparent that the plaintiff's case is utterly destitute of any legal foundation. Taking the contract as it was testified to by the plaintiff and his witnesses, we are of opinion that the transaction between the plaintiff and the defendant was a sale, with the right, however, on the part of the defendant to terminate the contract in whole or in part by a return of the goods within a specified time. Such a transaction has been defined to be a conditional sale, and, if the right of return is not duly exercised, and the property is retained after the time specified, or after the lapse of a reasonable time if no time is specified, the right is forfeited, and the sale becomes absolute, like any other sale. Costello v. Herbst, 18 Misc. Rep. 176, 41 N. Y. Supp. 574. In the case at bar the goods were not returned within the specified period, and the plaintiff had a right to bring his action as for goods sold and delivered, for the recovery of the price which had been agreed upon between the parties. The trial court therefore erred in dismissing the complaint, and a new trial should be ordered.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.