GEORGE W. HERBERT, Appellant, v. HARRIET HUMPHREYS ET AL., Respondents.

(Supreme Court, Appellate Term, February, 1910.)

Municipal Courts — Jurisdiction — Municipal Court — Vendor's action to recover goods subject to oral contract for conditional sale.

The Municipal Court of the City of New York has jurisdiction of an action by the vendor to recover goods which were the subject of an oral contract for conditional sale for the default of the vendee, the exception contained in section 139 of the Municipal Court Act being limited to written contracts.

Appeal from a judgment of the Municipal Court of the city of New York, third district, borough of Manhattan, in favor of the defendant, impleaded, in an action of replevin awarding possession of the chattel or $200 damages.

Isaac M. Miller, for appellant.

H. F. Norman, for respondents.

Bijur, J.  Defendant, in February, 1903, being in arrears for rent of plaintiff's piano, purchased it for one hundred dollars payable at the rate of six dollars per month. She made occasional payments on account of this purchase, aggregating twenty-three dollars up to December, 1903.

All the circumstances surrounding the sale indicate that it was intended to be merely conditional.   Costello v. Herbst, 16 Misc. Rep. 687, affd., 18 id. 176; Smith v. Lynes, 5 N. Y. 41.

Section 139 of the Municipal Court Act does not forbid the entertainment of an action in replevin on this contract; because the inhibition is confined to written contracts of conditional sale, and the contract in the case at bar was oral, although a memorandum thereof was signed by the plaintiff.

Seabury and Lehman, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellant to abide event.