(66 Misc. Rep. 150.)

### HERBERT v. HUMPHREYS et al.

(Supreme Court, Appellate Term. February 18, 1910.)

COURTS (§ 188*) — MUNICIPAL COURTS — CONDITIONAL SALES—ACTIONS—STATUTES.

  Municipal Court Act (Laws 1902, c. 580) § 139, providing that no action shall be maintained on a written contract of conditional sale, except an action to foreclose the lien, does not forbid an action in replevin on an oral conditional sale contract, although a memorandum thereof was signed by plaintiff.

  [Ed. Note.—For other cases, see Courts, Dec. Dig. § 188.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Replevin by George W. Herbert against Harriet Humphreys, impleaded with others. From a judgment for defendant Humphreys, plaintiff appeals. Reversed, and new trial ordered.

See, also, 117 N. Y. Supp. 1136.

Argued before SEABURY, LEHMAN, and BIJUR, JJ.

Isaac M. Miller, for appellant.

H. F. Norman, for respondent.

BIJUR, J. Defendant, in February, 1903, being in arrears for rent of plaintiff's piano, purchased it for $100, payable at the rate of $6 per month. She made occasional payments on account of this purchase, aggregating $23, up to December, 1903. All the circumstances surrounding the sale indicate that it was intended to be merely conditional. Costello v. Herbst, 16 Misc. Rep. 687, 38 N. Y. Supp. 1123, affirmed 18 Misc. Rep. 176, 41 N. Y. Supp. 574, and Smith v. Lynes, 5 N. Y. 41.

Section 139 of the Municipal Court act (Laws 1902, c. 580) does not forbid the entertainment of an action in replevin on this contract, because the inhibition is confined to written contracts of conditional sale, and the contract in the case at bar was oral, although a memorandum thereof was signed by the plaintiff.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.