Devlin v. O'Neill.

---

JAMES DEVLIN *against* AMBROSE O'NEILL *et al.*

(Decided December 31st, 1875.)

A sale of goods to be disposed of by the vendee at retail cannot be conditional, and an attempt to make it so is fraudulent and void as to creditors of the vendee.

Where goods of a third person are levied on and held under an attachment by one marshal, and an execution on the judgment obtained in that action is levied on the same goods by another marshal, and under this execution the goods are taken and sold, the two marshals may be sued as joint trespassers.

APPEAL by defendants from a judgment entered on the verdict of a jury, after a trial before Judge LARREMORE.

The facts are stated in the opinion.

*Allen McDonald*, for appellants.

*J. A. Gross*, for respondent.

JOSEPH F. DALY, J.—Action for damages for entering the premises and store of plaintiff, No. 722 Seventh avenue, seizing and selling fixtures and stock, and destroying walls, &c. Defendant James C. Quinn, a city marshal, took possession of the fixtures, stock and store under an attachment issued out of the Eighth District Court, in the suit of Boyland and Costello, plaintiffs, against Charles Hughes, defendant, on September 29th, 1870 ; defendant Patrick Collins, one of the city marshals, took possession of the property on October 21st, 1870, and sold the stock and fixtures on November 3d, 1870, under an execution issued upon the judgment in the same action ; defendants Francis Costello and Ambrose O'Neill were indemnitors of the said marshal Collins for such levy and sale ; defendant Boyland, one of the judgment creditors, directed and assisted the marshals in the levy. The plaintiff obtained a verdict for $1,056 damages for the value of the goods sold and the injury to the premises.

The judgment debtor in the action in the Eighth District Court, Charles Hughes, hired the premises in question from plaintiff to carry on the business of a liquor store ; he was tenant when the levy under the attachment was made, no acceptance by plaintiff of his proffered surrender of the premises having been proved, but he was not owner of the fixtures and furniture of the store, the sale to him being conditional, and he having wholly failed to comply with the terms agreed upon. It is true that the statements of plaintiff's witnesses conflicted somewhat as to the character of the transaction between Hughes and plaintiff's brother and agent, but there was evidence sufficient to justify the jury in finding that Hughes was let into the possession of the premises with the privilege of using the fixtures

and furniture of the store until he could make satisfactory arrangements with plaintiff for the purchase of the latter ; that he wholly failed to make such arrangements, and the title did not pass. With respect to the stock of liquors in the store, Hughes must, however, be deemed to have been the owner of them, there being no such thing as a conditional sale of such goods which were put in his possession for the express purpose of selling at retail pending arrangements for his paying for them (*Ludden* v. *Hazen*, 31 Barb. 650). There could be no recovery therefore for the value of the liquors seized and sold by the sheriff, and defendants are only liable for the value of the fixtures and furniture sold under the execution, and for injuries inflicted on the premises by the tearing away of shelving, pipes, &c.

The plaintiff testifies that it would cost $200 to restore the walls, and $25 to repair the injury to the door; the awning was worth $15 ; the ice box, counter and shelving, $40 ; the connection with the waste pipe, $15 ; the chandeliers and plumbing, $94 ; making a total of $389. There was no proof of the value of the decanters, bottles, &c., apart from their contents, and no basis therefore for a recovery for them.

The point is taken that defendant Quinn, the marshal who made the levy under the attachment, cannot be joined as a cotrespasser with the defendants who sold and removed the property under the execution, nor sued with them for the conversion. I think otherwise. The property levied upon under the attachment was taken and held for the purpose of subjecting it to sale under the execution, as no other property could be levied upon under the execution, save what had been previously attached (2 R. S. 230 ; Laws of 1831, ch. 300, § 39 ; 5th ed. R. S. 463, 464). It was the duty of the marshal who made the levy under the attachment to remove the goods into his possession and safely keep them until execution issued (2 R. S. 230). The marshal in this case, on September 29th, entered the plaintiff's premises, made a levy under the attachment upon his property, attached his own padlock, bolt and staples to the outer door, and left the goods there until the marshal with the execution entered the premises and forcibly removed and sold

them or authorized their removal after sale. The last named acts were but the continuation of acts permitted under the attachment, and formed a single case of trespass and conversion. The marshal with the execution entered and sold and authorized the removal of the goods which had been levied upon and taken possession of by the marshal with the attachment for that express purpose.

The judgment will be affirmed if plaintiff stipulates to reduce the judgment to $889 and interest from November 3d, 1870, and costs of special term, no costs of appeal to either party. Otherwise, judgment reversed and new trial ordered, with costs of appeal to defendants to abide event, and costs of special term to abide event of such new trial.

CHARLES P. DALY, Ch. J., and LOEW, J., concurred.

Ordered accordingly.