### COOK v. GROSS.

(Supreme Court, Appellate Division, Second Department. April 19, 1901.)

1. REPLEVIN—ATTORNEY'S FEES—ELEMENT OF DAMAGES.
Where plaintiff sued for the possession of personal property and for damages for its detention, it was error to include, as an element of damages, the services of plaintiff's attorney for necessary work before the commencement of the action.

2. SAME—PROPERTY CONDITIONALLY SOLD.
Where plaintiff leaves whisky in the possession of his tenants, to be sold over the latter's bar and paid for as used, he cannot replevy it when seized under execution for the tenants' debts, since the title vested absolutely in the tenants.

Appeal from municipal court of city of New York.

Action by John A. Cook against Max Gross. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

Abraham H. Sarasohn, for appellant.
E. B. Barnum, for respondent.

HIRSCHBERG, J. The defendant, as city marshal, and in obedience to lawful process in execution against the firm of Ackerly & Balch, levied upon two barrels of whisky at the Clarendon Hotel, Coney Island. The hotel was then conducted by the firm under a liquor tax certificate in their name, and the whisky was in actual use by them for sale at the bar. The plaintiff claims to be the owner of the whisky, and in this action of replevin he recovered judgment

awarding him possession of it, and also the sum of $51.50 damages for its detention.

The damages are based on an erroneous theory. The plaintiff was permitted to prove and to recover the value of the legal services rendered to him by his attorney in the premises prior to the commencement of the action. It is contended that this ruling finds support in the case of Sewing-Mach. Co. v. Best, 50 Hun, 76, 4 N. Y. Supp. 510, reversed on other questions in 105 N. Y. 59, 11 N. E. 146. But that case at the general term, only deciding recoverable the actual expense incurred in sending a man from Watertown to New York to demand the property, was by a divided court, and should not be extended so as to include a general claim for legal services, even where the making of a formal demand is embraced in the services rendered.

But the plaintiff failed to prove title to the property, but did establish beyond question the fact that the firm of Ackerly & Balch had the right of property and a leviable interest in the whisky at the time it was taken by the defendant. The plaintiff testified that he owned the hotel property, and formerly conducted the business; the whisky being a part of his stock at the time. He subsequently leased the property to the firm, leaving the whisky in their possession under an agreement that they were to be at liberty to retail it over their bar, and to pay him for what they so used. He endeavored to limit the operation of this agreement to one of the barrels only, but the jury would have been justified in concluding that it related to both. The witness Clarkin, called to corroborate the plaintiff, distinctly testified that it related to both. He was the barkeeper for the firm, and testified that:

"Mr. Balch did not want to take the whisky at all. Mr. Cook said he did not care about taking it up and putting it in storage. Mr. Balch asked me if we could use it. I said I did not think we could, for the class of people we expected to come there. So, they finally made arrangements that the whisky was to stay there, and Mr. Balch was to pay for any part of it that he used."

At the time of this arrangement there were three barrels, but the firm had sold out one of them and a portion of the second at the time of the seizure. It is very evident that the firm, under the agreement, possessed the right to dispose of all the whisky at retail in their business, and that the title to it was accordingly vested in them.

The case of Ludden v. Hazen, 31 Barb. 650, is precisely in point. In that case the plaintiff brought trover for parts of two barrels of whisky and part of a keg of gin, seized and taken by the defendant, as a constable, on an execution against one Hackett. It appeared that Hackett had obtained the property from the plaintiff, giving him a receipt therefor, specifying that the same was to remain the property of the plaintiff until paid for; the liquors to be paid for when sold by Hackett, or returned when called for. It was held that the transaction could not be regarded as a conditional sale, by which the title would remain in the vendor until the condition was performed, but that since the contract contemplated a delivery of the liquors to the vendee to make a part of his stock in trade, and to be retailed to his customers, the property vested in him absolutely,

and became liable for his debts. Aside from the suggestion of fraud upon creditors as vitiating the transaction, the court decided that the right of property passes to the vendee whenever the chattels are to be delivered to him for consumption or for sale, or to be dealt with in any way inconsistent with the ownership of the seller, or in a manner which would necessarily destroy the latter's lien or right of property. To the same effect is Bonesteel v. Flack, 41 Barb. 435, holding, as per headnote, that "where liquors are delivered by liquor merchants to a tavern keeper, to be by him retailed, the title to the property to remain in the liquor merchants until the property is sold, the liquors are liable to seizure and sale under executions issued against the tavern keeper." See, also, Devlin v. O'Neill, 6 Daly, 305, affirmed 68 N. Y. 622. In Chase v. Stone Co., 63 How. Prac. 336, goods had been purchased with the privilege of exchange at any time, and it was held that where the vendee returned them in the exercise of the privilege, and they were destroyed by fire in transit, the loss was his, inasmuch as the title remained vested in him until the goods reached the vendor's custody. The same principle controlled the decision in Goldsmith v. Levin, 8 N. Y. St. Rep. 313, and the court drew the obvious distinction (page 317) "between cases where the party to whom the property is delivered is to retail it as his own, and those where he is to deal with it as the agent or bailee of the vendor." To the like effect are Costello v. Herbst (App. Term) 18 Misc. Rep. 176, 41 N. Y. Supp. 574; Carter v. Wallace, 32 Hun, 384; and Fish v. Benedict, 74 N. Y. 613.

The judgment should be reversed, and new trial ordered; costs to abide the event. All concur.