John A. Cook, Respondent, _v._ Max Gross, as Marshal of the City of New York, Appellant.

_Replevin — whisky. of a lessor left in a hotel to be retailed by the lessees as their own — the lessees have a leviable interest — attorney's charges as damages._

Where the owner of a hotel leases the hotel property, leaving whisky, which is part of his stock in trade, in the possession of the lessees under an agreement that the latter should retail it over their bar and pay him for what they so used, the lessees have an interest in the whisky which is subject to seizure and sale under execution.

In an action of replevin the plaintiff is not entitled to recover, as damages, the value of the legal services rendered in the premises to him by his attorney prior to the commencement of the action.

Appeal by the defendant, Max Gross, as marshal of the city of New York, from a judgment of the Municipal Court of the city of New York, borough of Brooklyn, in favor of the plaintiff, rendered on the 13th day of November, 1900, upon the verdict of a jury awarding to the plaintiff possession of certain chattels. with damages for their detention.

_Abraham H. Sarasohn_, for the appellant.

_E. B. Barnum_, for the respondent.

Hirschberg, J. :

The defendant as city marshal, and in obedience to lawful process in execution against the firm of Ackerly & Balch, levied upon two barrels of whisky at the Clarendon Hotel, Coney Island. The hotel was then conducted by the firm under a liquor tax certificate in their name, and the whisky was in actual use by them for sale at the bar. The plaintiff claims to be the owner of the whisky, and in this action of replevin he recovered judgment awarding him possession of it, and also the sum of fifty-one dollars and fifty cents damages for its detention.

The damages are based on an erroneous theory. The plaintiff was permitted to prove and to recover the value of the legal services rendered to him by his attorney in the premises prior to the commencement of the action. It is contended that this ruling finds support in the case of _Davis Sewing Machine Co._ v. _Best_ (50 Hun, 76), reversed on other questions in 105 New York, 59. But that case at the General Term only decided that the actual expense

incurred in sending a man from Watertown to New York to demand the property was a recoverable item of damages. The case was decided by a divided court, and should not be extended so as to include a general claim for legal services, even where the making of a formal demand is embraced in the services rendered.

But the plaintiff not only failed to prove title to the property, but did establish beyond question the fact that the firm of Ackerly & Balch had the right of property and a leviable interest in the whisky at the time it was taken by the defendant. The plaintiff testified that he owned the hotel property and formerly conducted the business, the whisky being a part of his stock at the time. He subsequently leased the property to the firm, leaving the whisky in their possession under an agreement that they were to be at liberty to retail it over their bar and to pay him for what they so used. He endeavored to limit the operation of this agreement to one of the barrels only, but the jury would have been justified in concluding that it related to both. The witness Clarkin, called to corroborate the plaintiff, distinctly testified that it related to both. He was the barkeeper for the firm, and testified that "Mr. Balch did not want to take the whisky at all. Mr. Cook said he did not care about taking it up and putting it in storage. Mr. Balch asked me if we could use it. I said I did not think we could for the class of people we expected to come there. So they finally made arrangements that the whisky was to stay there and Mr. Balch was to pay for any part of it that he used." At the time of this arrangement there were three barrels, but the firm had sold out one of them and a portion of the second at the time of the seizure. It is very evident that the firm, under the agreement, possessed the right to dispose of all the whisky at retail in their business, and that the title to it was accordingly vested in them.

The case of *Ludden* v. *Hazen* (31 Barb. 650) is precisely in point. In that case the plaintiff brought trover for parts of two barrels of whisky and part of a keg of gin, seized and taken by the defendant as a constable on an execution against one Hackett. It appeared that Hackett had obtained the property from the plaintiff, giving him a receipt therefor, specifying that the same was to remain the property of the plaintiff until paid for; the liquors to be paid for when sold by Hackett or returned when called for. It was held

that the transaction could' not be regarded as a conditional sale, by which the title would remain in the vendor until the condition was performed, but that since the contract contemplated a delivery of the liquors to the vendee to make a part of his stock in trade and to be retailed to his customers, the property vested in him absolutely and became liable for his debts. Aside from the suggestion of fraud upon creditors as vitiating the transaction, the court decided that the right of property passes to the vendee whenever the chattels are to be delivered to him for consumption or for sale, or to be dealt with in any way inconsistent with the ownership of the seller, or in a manner which would necessarily destroy the latter's lien or right of property.

To the same effect is *Bonesteel* v. *Flack* (41 Barb. 435), holding, as per head note, that " where liquors are delivered by liquor merchants to a tavernkeeper, to be by him retailed, the title to the property to remain in the liquor merchants until the property is sold, the liquors are liable to seizure and sale under executions issued against the tavernkeeper." (See, also, *Devlin* v. *O'Neill,* 6 Daly, 305 ; affd., 68 N. Y. 622.)

In *Chase* v. *Union Stone Company* (63 How. Pr. 336) goods had been purchased with the privilege of exchange at any time, and it was held that where the vendee returned them in the exercise of the privilege, and they were destroyed by fire in transit, the loss was his, inasmuch as the title remained vested in him until the goods reached the vendor's custody.

The same principle controlled the decision in *Goldsmith* v. *Levin* (8 N. Y. St. Repr. 313), and the court drew the obvious distinction (p. 317) " between cases where the party to whom the property is delivered is to retail it as his own and those where he is to deal with it as the agent or bailee of the vendor."

To the like effect are *Costello* v. *Herbst* (18 Misc. Rep. 176) ; *Carter* v. *Wallace* (32 Hun, 384), and *Fish* v. *Benedict* (74 N. Y. 613).

The judgment should be reversed and new trial ordered, costs to abide the event.

All concurred.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event.