MICHAEL GINZBURG, Respondent, *v.* PETER DE SILVESTRI
et al., Appellants.

(Supreme Court, Appellate Term, January, 1904.)

Municipal Court of the city of New York — Jurisdiction as to the sub-
ject-matter under L. 1902, ch. 580, § 139.

In an action brought by the plaintiff in the Municipal Court
of the city of New York to replevy a pool table, it appeared that
he sold it to the defendant Silvestri and took back a chattel mort-
gage for the price and that after Silvestri had defaulted thereon
he sold the pool table to the defendant Rugullo. The Municipal
Court Act (L. 1902, ch. 580, § 139) provides that "No action shall
be maintained in this court, which arises on * * * a chattel
mortgage made to secure the purchase price of chattels; except,
an action to foreclose the lien, as provided in this article. For
the purpose of this section an instrument in writing as above
stated shall be deemed a lien upon a chattel".

Held, that the action arose upon the breach of a chattel mort-
gage made to secure the purchase price of chattels, within the
meaning of the statute, and that it was not maintainable in said
court because it was not the permissible action to foreclose the
lien but was an action in which the plaintiff sought to recover as
absolute owner after default.

APPEAL by the defendants from a judgment of the Munic-
ipal Court of the city of New York, fourth district, borough
of Manhattan, awarding possession of a chattel to the plain-
tiff.

Frank A. K. Boland, for appellants.

Bernhard Ginzburg, for respondent.

GILDERSLEEVE, J. This action was brought in replevin
for the recovery of a pool table. The plaintiff sold the de-
fendant Silvestri a pool table and took back a chattel mort-
gage to secure the purchase price. The trial judge found,
upon sufficient evidence, that, after Silvestri had defaulted
in the payments, he sold the pool table to the defendant
Rugullo. It is the claim of the defendant Rugullo, who alone

defended the action, that the Municipal Court had no jurisdiction, for the reason that the action was in replevin, arising on a chattel mortgage given to secure the purchase price of the chattel replevied and that the writ should have been vacated and the complaint dismissed.

This contention presents the only question we are required to consider. Section 139 of the Municipal Court Act (Laws of 1902, chap. 580) is as follows: "No action shall be maintained in this court, which *arises on* * * * *a chattel mortgage* made to secure the purchase price of chattels; *except,* an *action* to *foreclose the lien,* as provided in this article. For the purpose of this section an instrument as above stated shall be deemed a lien upon a chattel. Provided, however, that an action may be maintained to recover a sum or sums due and payable for instalment, payment or hiring, but in such cases no order of arrest shall issue."

The plaintiff, in support of his practice, points out that when Silvestri defaulted in the payments, as required by the chattel mortgage, the plaintiff became the absolute owner of the chattel and entitled to the immediate possession thereof. With this we agree. Baumann v. Cornez, 15 Daly, 450; Leadbetter v. Leadbetter, 125 N. Y. 290. The defendant became the bailee of the plaintiff and held the chattel subject to the order of the plaintiff. Had Silvestri retained the chattel the plaintiff concedes that the provisions of the Municipal Court Act above quoted would have prohibited him from maintaining an action in replevin in the Municipal Court.

The plaintiff, however, takes the ground that the retention of the chattel by Silvestri and its transfer of possession to Rugullo, without the plaintiff's consent, made both defendants trespassers, and that the action in replevin as against Rugullo, does not proceed on the mortgage, but is simply that of an owner, entitled to immediate possession, against a stranger who never had any title to the chattel but who wrongfully withheld the same. We think this position is untenable.

It must be said that Rugullo's position, as a matter of law, does not differ from Silvestri's. The question is one of

Supreme Court, Appellate Term, January, 1904. [Vol. 42.

jurisdiction as to the subject-matter, and not as to the person. The action comes within the prohibition of the Municipal Court Act, above set forth, for the reason that it arises upon the breach of the terms of a chattel mortgage, made to secure the purchase price of chattels. The rights of the original mortgagor and his transferee under the circumstances of this case are identical. See Samodwitz v. Karpf, 80 App. Div. 496. The construction the respondent urges would deprive the chattel mortgagor and his transferee of the advantage, manifestly intended by the act in question, which a sale of the seized chattels and the application of the proceeds of such sale for their benefit might secure. The plaintiff's proceeding in the Municipal Court should have been an action to foreclose his lien.

The judgment must be reversed, with costs to the appellants, and without prejudice to a proceeding in foreclosure in the Municipal Court, or an action in replevin in a court of record.

FREEDMAN, P. J., and GREENBAUM, J., concur.

Judgment reversed, with costs to appellants and without prejudice to a proceeding in foreclosure in Municipal Court, or an action in replevin in a court of record.