N. Y. 639. It was only upon the theory that the crime committed was that of incest that the complainant could be regarded as an accomplice, for she would then be liable to conviction equally with the defendant. Section 302, Pen. Code. Upon the theory on which the case went to the jury there was sufficient corroborative evidence, and the defendant is hardly in a position to urge the point upon this appeal.

The suggestion that the court erred in the admission of evidence is without force. The defendant took the stand in his own behalf. On his cross-examination he was asked if he had confessed to his father certain indecent relations with his sister. He denied having made such confession. The district attorney then called the father, and, over the defendant's objection, permitted evidence of such confession. The relations covered by this confession were those which had occurred during the three months that the complainant concededly lived with the defendant in a single room, and during which time she had testified they were indulging their passions almost nightly, leading up to the night on which the particular act is alleged to have occurred, and it can hardly be said to have constituted a collateral issue in a prosecution of this character. It is competent in cases of this kind to show the relations of the parties; and, the defendant having taken the stand in his own interests, it was proper on cross-examination to ask him about this alleged confession, not for the purpose of testing his credibility, but to arrive at the truth at the issue being tried, and the prosecution could not be deprived of the benefit of its competent evidence because it had the effect of contradicting his denials. 1 Greenleaf on Evidence, § 462, note 1; People v. Ware, 29 Hun, 473, 475; People v. De Garmo, 179 N. Y. 130, 134, 135, 71 N. E. 736.

There is no merit to the exception raised to the other questions asked of the defendant in his cross-examination, and the judgment and order appealed from should be affirmed. All concur.

---

(120 App. Div. 268)

## JACOB v. COLUMBIA STORAGE WAREHOUSES.

### (Supreme Court, Appellate Term. June 27, 1907.)

COURTS—MUNICIPAL COURTS—JURISDICTION—PROPERTY SOLD CONDITIONALLY.
    Municipal Court Act, Laws 1902, p. 1533, c. 580, § 139, provides that no action shall be maintained in the Municipal Court of New York which arises on a written contract of conditional sale of personal property, except an action to foreclose the lien thereon. Plaintiff, the assignee of a contract for the conditional sale of a piano, had established a lien on it in an action against the buyer, who had stored the piano with the defendant and taken a receipt therefor. Plaintiff brought this action against defendant in the Municipal Court of New York City to recover the piano. Held, that the court had no jurisdiction.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by C. Albert Jacob against the Columbia Storage Warehouses. From a judgment for plaintiff, defendant appeals. Reversed and dismissed.

Argued before GILDERSLEEVE, P. J., and SEABURY and PLATZEK, JJ.

Louis M. Simpson, for appellant.
Wentworth, Lowenstein & Stern, for respondent.

PER CURIAM. The facts in this case are conceded. Upon these facts the trial justice awarded judgment for the plaintiff. From this judgment the defendant appeals.

The plaintiff claimed to be the owner of a certain piano, which was in the possession of the defendant, the delivery of which the defendant refused to make to the plaintiff, upon demand for it being made. The piano in question was delivered to the defendant for storage by one Mary E. Williams, to whom the defendant issued its receipt. An agreement was offered in evidence, between the Apollo Company and Mary E. Williams, which was in effect a conditional sale of the piano by the Apollo Company to Mary E. Williams. The conditional sale agreement was assigned to the plaintiff in this action. A judgment roll in the action of Jacobs v. Williams was offered in evidence by the defendant. That action was brought to foreclose the plaintiff's lien upon said piano, and resulted in a judgment in favor of the plaintiff, establishing his lien upon said piano, and for the sum of $295, and rendering judgment for the plaintiff for the amount thereof, and directing the sale of said piano to satisfy said lien. This action was within the prohibition of section 139 of the Municipal Court act (Laws 1902, p. 1533, c. 580), and the court below was without jurisdiction. In the similar case of Samodwitz v. Karpf, 80 App. Div. 496, 80 N. Y. Supp. 704, the court, through Mr. Justice Jenks, said:

"This action plainly arises upon the breach of a written contract for the conditional sale of personal property, and the relative relief and liability of the plaintiff and defendant in that forum must be measured and limited by the express provisions of the act which creates the court, establishes its powers, and limits its jurisdiction."

See, also, Ginzburg v. De Silvestri, 42 Misc. Rep. 530, 86 N. Y. Supp. 89.

The judgment is reversed, and the complaint dismissed, with costs to the appellant in this court and the court below.