(129 App. Div. 561.)

### SCHERL v. FLAM, City Marshal.

(Supreme Court, Appellate Division, Second Department.    December 30, 1908.)

1. SALES (§ 472*)—CONDITIONAL SALES—FILING OF CONTRACTS—STATUTORY PROVISIONS.

Lien Law (Laws 1897, p. 540, c. 418) § 112 et seq., provide that contracts of conditional sale "shall be void against subsequent purchasers, pledgees or mortgagees in good faith," unless they have been filed. *Held*, that in view of the rule that chattels not in esse cannot be subjected to a lien as against purchasers and judgment creditors, and the fact that the statute in effect reduces the vendor's interest to a lien like that under a chattel mortgage, which must be foreclosed, as under a chattel mortgage, by sale on retaking the property, the statute contemplates the making and filing of an agreement for each sale, and not an omnibus agreement in advance for all future sales.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1367, 1370; Dec. Dig. § 472.*]

2. SALES (§ 474*)—CONDITIONAL SALES—STATUTES.

The statute does not apply to judgment creditors.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1397; Dec. Dig. § 474.*]

3. FRAUDULENT CONVEYANCES (§ 35*)—CONDITIONAL PURCHASE—VALIDITY.

A contract of conditional sale, reciting that the buyer, who was a baker, had no money with which to buy flour, that the seller was to furnish him flour from time to time as he needed it to make bread, title to remain in the seller until paid for, and that, as the buyer should "desire" from time to time to use any of it, he should notify the seller, "and shall then immediately, at his earliest convenience, pay" the seller for the flour intended to be used, and upon payment the title should pass to the buyer, is fraudulent on its face.

[Ed. Note.—For other cases, see Fraudulent Conveyances, Cent. Dig. § 53; Dec. Dig. § 35;* Sales, Cent. Dig. §§ 1391–1402.]

Appeal from Municipal Court of New York.

Action by Harry Scherl against Herman L. Flam, individually and as a City Marshal of the City of New York. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

The action was replevin of 15 barrels of flour.

The plaintiff, a wholesale flour merchant, entered into and filed a written agreement with a baker, Zweifach, by which the latter agreed to purchase flour for his bakery of no one but the plaintiff, and the former agreed to deliver him flour from time to time as it was needed to be made into bread; but it was agreed that the title of the flour so delivered should remain in the plaintiff until the price therefor should be paid, and that as the said baker should "desire" from time to time to use any of it in his business he should notify the plaintiff thereof, "and shall then immediately, at his earliest convenience, pay to the" plaintiff "for such flour by him intended to be used, and upon such payment the title" thereto shall pass to the said baker. This is preceded by a whereas as follows: "Whereas the party of the first part, who is a baker and engaged in the bakery business, * * * has no money with which to purchase any flour to be used in said bakery, and is anxious to have the party of the second part to assist him so as to enable the party of the first part to bake and make a living."

The defendant is a city marshal who levied on the property in the said bakery under an execution on a judgment against the said baker.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Samuel W. Phillips, for appellant.

David Hirschfield, for respondent.

GAYNOR, J.  The lien law (Laws 1897, p. 514, c. 418) provides that contracts for the conditional sale of goods "shall be void as against subsequent purchasers, pledgees or mortgagees in good faith," unless the same has been filed (section 112 et seq.).  The statute contemplates the making and filing of an agreement for each sale, and not an omnibus agreement in advance for all future sales.  This becomes the necessary construction of the statute in view of the fact that it in effect treats and reduces the interest of the vendor to a lien like that under a chattel mortgage, which needs to be foreclosed as under a chattel mortgage by a sale on retaking the property, and the rule of law that chattels not in esse cannot be subjected to a lien as against purchasers and judgment creditors.  Jones on Chat. Mortg. (5th Ed.) § 138.

But the statute does not apply in terms to judgment creditors, but only to "subsequent purchasers, pledgees or mortgagees," although it is assumed by both sides that it does apply to judgment creditors.  Even if it did, the plaintiff would have no case, for the agreement, preamble and all, shows the intention to be that the purchaser may use the flour to bake as he needs it from time to time on giving notice to the sellor of his "desire" to use it, and paying for it "immediately, at his earliest convenience."  The preamble is in effect that the purchaser has no money to purchase flour to bake and therefore the seller is to help him to flour to bake.  If he, too, was not to let him have any to bake until it was paid for in advance, he would certainly not be helping him to get it without money.  A chattel mortgage like that would be fraudulent on its face, and the rule is the same in respect of a contract of conditional sale on the same principle.  Jones on Chat. Mortg. (5th Ed.) § 401 et seq.  The cases are collected up to the present time by the learned author.

The judgment should be reversed.

Judgment and order of the Municipal Court reversed, and new trial ordered; costs to abide the event.  All concur.