## SCHERL v. FLAM.

(Supreme Court, Appellate Division, Second Department. June 11, 1909.)

1. EVIDENCE (§ 589*)—TESTIMONY OF PARTY.

A party, whose judgment on a written contract has been reversed, should not be suffered to succeed on a new trial by swearing to an oral agreement, differing from the written agreement in a respect essential to meet the decision on appeal.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2438; Dec. Dig. § 589.*]

2. MUNICIPAL CORPORATIONS (§ 183*)—OFFICERS—MARSHAL—LIABILITIES.

In an action against a person in his capacity as a city marshal, recovery cannot be had except for some act which he assumed to perform as city marshal.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 480; Dec. Dig. § 183.*]

Appeal from Municipal Court of New York.

Action by Harry Scherl against Herman L. Flam, individually and as City Marshal of the City of New York. Judgment for plaintiff, and defendant appeals. Reversed.

See, also, 129 App. Div. 561, 114 N. Y. Supp. 86.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, RICH, and MILLER, JJ.

Samuel W. Phillips, for appellant.

David Hirschfield, for respondent.

MILLER, J. This is a replevin suit, originally brought against the defendant individually and as city marshal. A judgment in favor of the plaintiff was reversed by this court on the ground that the written contract under which the plaintiff claimed to have delivered the goods to one Hyman Zweifach, from whose possession they were taken, was void. 129 App. Div. 561, 114 N. Y. Supp. 86. The contract provided, in substance, that the plaintiff would from time to time deliver to said Zweifach, a baker, flour in such quantities as the plaintiff should deem fit and advisable, and that the title thereto should remain in the plaintiff, but that said Zweifach might use such quantities as he required in his business from time to time upon notifying the plaintiff thereof, and "immediately, at his earliest convenience," paying him for the same. Upon this trial the plaintiff swore to an oral agreement in substance like the said written agreement, except that Zweifach was to pay each day for the quantity of flour to be used, before using it.

A party, who has recovered a judgment on a written contract, which has been reversed, should not be suffered to succeed on a new trial by swearing to an oral agreement differing from the written agreement in a respect essential to meet the decision on appeal. But it would seem that the defendant could not justify the taking without proving a valid judgment and an execution; and no attempt was made to justify, although it seems to have been assumed that he levied upon the property by virtue of an execution issued upon a Municipal Court

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

judgment against said Zweifach. However, on this trial the plaintiff discontinued as against the defendant individually, and the judgment appealed from is against the defendant as a city marshal. The plaintiff could not recover against him in that capacity, except for some act which he assumed to perform as city marshal, and there is no evidence whatever that he assumed to act as such in taking the property.

The judgment is reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. JENKS, GAYNOR, and RICH, JJ., concur. HIRSCHBERG, P. J., not voting.