### SCHERL v. FLAM, City Marshal.

(Supreme Court, Appellate Division, Second Department.    March 4, 1910.)

1. EXECUTION (§ 186*)—CLAIMANTS OF PROPERTY—REPLEVIN—EFFECT OF AS-
    SIGNMENT OF EXECUTION JUDGMENT.

    A judgment for defendant in replevin by an alleged owner against an officer who had levied on property under an execution will not be disturbed merely because of the existence of an assignment of the judgment on which the execution was issued, made a year after the levy to a third person, who was not a party to the action, and who was legally a stranger to the parties.

    [Ed. Note.—For other cases, see Execution, Cent. Dig. § 561; Dec. Dig. § 186.*]

2. COSTS (§ 66*)—INCREASED COSTS—"PUBLIC OFFICER."

    A city marshal, holding office under Greater New York Charter (Laws 1901, c. 466) § 1424, is a "public officer," within Municipal Court Act (Laws 1902, c. 580) § 333, authorizing increased costs where the successful defendant is a public officer appointed or elected under the authority of the state.

    [Ed. Note.—For other cases, see Costs, Cent. Dig. § 281; Dec. Dig. § 66.*

    For other definitions, see Words and Phrases, vol. 6, pp. 4933–4951; vol. 8, pp. 7772, 7773.]

3. COSTS (§ 242*)—INCREASED COSTS ON APPEAL.

    Under Municipal Court Act (Laws 1902, c. 580) § 333, prescribing when a successful defendant shall be entitled to increased costs prescribed in section 332, which does not embrace costs on appeal, increased costs on appeal cannot be allowed, especially in view of section 343, specifically prescribing costs on appeal without referring to increased costs.

    [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 936, 937; Dec. Dig. § 242.*]

4. COSTS (§ 3*)—INCREASED COSTS—STATUTORY PROVISIONS.

    A party is not entitled to increased costs on appeal, unless a statute specifically authorizes it.

    [Ed. Note.—For other cases, see Costs, Cent. Dig. § 1; Dec. Dig. § 3.*]

5. COSTS (§ 264*)—INCREASED COSTS—CERTIFICATION BY COURT.

    A successful party, entitled to increased costs, may, even after an appeal, apply nunc pro tunc to the court for a certificate authorizing increased costs.

    [Ed. Note.—For other cases, see Costs, Cent. Dig. § 1005; Dec. Dig. § 264.*]

6. APPEAL AND ERROR (§ 1153*)—MODIFICATION—CORRECTION OF JUDGMENT.

    In replevin, the omission in the judgment to provide an alternative provision for a return of the property in controversy is but an irregularity, which may be cured on appeal without ordering a reversal.

    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4507, 4508; Dec. Dig. § 1153.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by Harry Scherl against Herman L. Flam, as a City Marshal. From a judgment for defendant rendered by the Municipal Court, plaintiff appeals. Modified and affirmed.

See, also, 119 N. Y. Supp. 1143.

Argued before JENKS, BURR, THOMAS, RICH, and CARR, JJ.

David Hirshfield, for appellant.

Samuel W. Phillips, for respondent.

PER CURIAM. This is an action in replevin by the alleged owner of certain goods against a city marshal who had levied on the goods under an execution. The plaintiff's first judgment was reversed by this court (129 App. Div. 561, 114 N. Y. Supp. 86), and his second judgment also (133 App. Div. 274, 117 N. Y. Supp. 654). We cannot see that the plaintiff's case upon this appeal justifies a disturbance of this judgment, which is for the defendant. The only feature in the plaintiff's case that is entirely new is the introduction of an assignment of the judgment upon which the execution was issued, made a year after this levy, to a third party, who is not a party to this action, and who is legally a stranger to the parties thereto.

We think that the defendant was entitled to the increased costs afforded by section 333 of the Municipal Court act (Laws 1902, c. 580). The statute does not afford such costs to state officers, but to any public officer appointed or elected under the authority of the state, and a city marshal is appointed under authority of the state, expressed in a statute thereof. Section 1424, Greater New York Charter (Laws 1901, c. 466). In Jones v. Gray, 13 Wend. 280, it was held that a constable was entitled to double costs under a provision of the Revised Statutes similar to that now under consideration (2 Rev. St. [Edition of 1836] p. 512), under the authority of Wales v. Hart, 2 Cow. 426. See, too, Waring v. Acker, 1 Hill, 673. But we think that such an officer is not entitled to such increase of the costs of appeal. It is to be noted that the increased costs afforded by the said section 333 refers specially to the costs enumerated in section 332 of the Municipal Court act, which does not provide for costs of appeal. The earlier authorities which extend such increased costs on appeal, pursuant to section 3258 of the Code of Civil Procedure, do not make for this contention, because section 3258 refers specifically to section 3251 (just as section 333 of the Municipal Court act refers to section 332 thereof), which does embrace costs on appeal; and, moreover, the costs on appeal provided for in the Municipal Court act are specifically prescribed by section 345 of the Municipal Court act, without mention or reference to increased costs. As the defendant cannot point to the statute which affords such increased costs on appeal, his contention must fail. See McKuskie v. Hendrickson, 128 N. Y. 555, 28 N. E. 650.

It is also insisted that the defendant should have applied to the court, pursuant to section 3248 of the Code of Civil Procedure. Nichols on New York Practice, p. 2993, says:

"Though there are cases holding that the increased costs may be taxed by the clerk without application to the court, yet the safer practice is that fixed by the earlier cases which hold that an application to the court is necessary."

It is not essential to decide this question, inasmuch as the defendant may even now apply nunc pro tunc to the court for such certificate. Snyder v. Beyer, 3 E. D. Smith, 235. The omission to provide an alternative provision of the judgment for a return of the goods is but an irregularity, which may be cured on appeal without ordering a reversal of the judgment. Fitzhugh v. Wiman, 9 N. Y. 559; Wolf v. Farley (Com. Pl.) 16 N. Y. Supp. 168, and authorities cited.

The judgment is modified, by inserting an alternative provision for a return of the goods, and with respect to the costs as indicated, and, as so modified, it is affirmed, without costs.