(83 Misc. Rep. 57.)

### DIAMOND v. ROSENBLATT.

(Supreme Court, Appellate Term, First Department. December 11, 1913.)

COURTS (§ 188*)—MUNICIPAL COURTS—JURISDICTION.

    Under Municipal Court Act (Laws 1902, c. 580) § 139, providing that no action shall be maintained in the municipal court which arises on a contract of conditional sale of personal property, that court had no jurisdiction of an action by a conditional vendor against a chattel mortgagee of the conditional purchaser for conversion, as that section applies as well to an action against one who takes from the vendee as to an action directly against the vendee.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. § 188.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Elias Diamond against Jacob Rosenblatt. From a judgment for plaintiff, defendant appeals. Reversed, and complaint dismissed.

Argued November term, 1913, before LEHMAN, PAGE, and WHITAKER, JJ.

Samuel Solinsky, of New York City, for appellant.
Louis Halle, of New York City, for respondent.

PAGE, J. The plaintiff proved that he sold a showcase valued at $60 to one Henry Pols and received in payment a conditional bill of sale whereby title was to remain in the vendor until full payment of the purchase price; it was also proved that the purchase price was never paid.

The defendant was the holder of a chattel mortgage on the fixtures of the said Henry Pols and upon default in his mortgage sold all of the fixtures, including the showcase in question, and applied the proceeds upon his debt. The plaintiff brought this action against the defendant in conversion on the ground that he was the owner of the property

and upon its wrongful sale became entitled to immediate possession thereof which was refused him upon demand. The learned trial justice granted judgment in favor of the plaintiff, from which this appeal is taken on the ground that section 139 of the Municipal Court Act (Laws 1902, c. 580) is a complete bar to the action and the court had no jurisdiction thereof.

Section 139 of the Municipal Court Act provides:

"No action shall be maintained in this court, which arises on a contract of conditional sale of personal property; a hiring of personal property, where title is not to vest in the·person hiring until payment of a certain sum; or a chattel mortgage made to secure the purchase price of chattels; except, an action to foreclose the lien, as provided in this article. For the purpose of this section an instrument in writing as above stated shall, be deemed a lien upon a chattel. * * * "

It has been repeatedly held that this section of the act applies as well to an action against one who takes from the vendee as to an action directly against the vendee. Ginzburg v. De Silvestri, 42 Misc. Rep. 530, 86 N. Y. Supp. 89; Jacobs v. Columbia Storage Warehouses, 55 Misc. Rep. 268, 105 N. Y. Supp. 276. In the case at bar the action is against the mortgagee of the plaintiff's vendee who stands in the place of the vendee. The court had no jurisdiction of the action.

The judgment must therefore be reversed, with costs, and the complaint dismissed, with costs. All concur.