## BUMP v. HANIGAN.

(Supreme Court, Appellate Term, First Department. May 5, 1915.)

1. APPEAL AND ERROR ⊜⟶1149—MODIFICATION—AMENDMENT OF .DEFECTS.
   In replevin, the failure of a verdict for plaintiff for the possession of the property to include the value of the property was not error, but was at most an irregularity, which might be corrected on appeal without a reversal.
   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4483–4496; Dec. Dig. ⊜⟶1149.]

2. STIPULATIONS ⊜⟶13—CONCESSIONS ON ·TRIAL—STRIKING OUT.
   In replevin, a concession by defendant's attorney as to the value of the property was not effected by the trial justice's ruling to strike out all concessions upon his own motion, and not at the request. of either attorney.
   [Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 67–76; Dec. Dig. ⊜⟶13.]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Teresa M. Bump against Marie Hanigan. From a judgment rendered in favor of plaintiff after a trial before the court with a jury, defendant appeals. Modified and affirmed.

Argued March term, 1915, .before LEHMAN, HENDRICK, and COHALAN, JJ.

Warren McConihe, of New York City, for appellant.

Clarence W. Donovan, of New York City (Charles R. Coulter, of New York City, of counsel), for respondent.

HENDRICK, J. The action is in replevin to recover possession of a piano player. Plaintiff testified that she purchased the piano in question and that she loaned it to her brother to use during her absence abroad. Her brother testified that he moved the piano player, with .his furniture and other effects, to the hotel of the defendant, where he took up his residence; that the piano player belonged to his sister, but that he had the use of it during her absence. It was conceded that the value of the piano player was $250.

[1] When plaintiff's brother moved from the premises conducted by the defendant, he was permitted to remove his personal belongings and furniture; but defendant refused to allow him to remove the piano player, claiming it as a gift from plaintiff's brother. Defendant claimed that plaintiff's brother received the piano player as a gift from his sister, and therefore had title to make of it a gift to her. The jury found for plaintiff, "that she have possession of the piano." The

---

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

failure to include the value of the piano player in the formal verdict is not error, but at most an irregularity, which may be corrected here without a reversal of the judgment. Scherl v. Flam, 136 App. Div. 753, 121 N. Y. Supp. 522.

[2] There was sufficient evidence of a demand for the return of the piano player. The concession by defendant's attorney of the value was not affected by the trial justice's ruling to strike out all concessions upon his own motion, and not at the request of either attorney. Defendant by her own admission abandoned her claim of a hotel keeper's lien.

Judgment should be modified, by amending the judgment that plaintiff have possession of the chattel, or, in case delivery cannot be had, judgment for $250, with costs, and, as modified, affirmed, with costs. All concur.