## DI TORO v. HORN.

(Supreme Court, Appellate Term, First Department.   May 13, 1915.)

1. SALES ⬤➟477—CONDITIONAL SALES—WAIVER OF CONDITION.

Where plaintiff sold flour conditionally, and thereafter knew that it was being used by the purchaser in making bread in a bakery, such use being inconsistent with the retention of title, plaintiff was precluded from maintaining replevin against a city marshal, who had seized such flour under execution against the purchaser's husband.

[Ed. Note.—For other cases, see Sales, Cent. Dig. §§ 1411–1417; Dec. Dig. ⬤➟477.]

2. COURTS ⬤➟188—MUNICIPAL COURTS—JURISDICTION—PROPERTY SOLD CONDITIONALLY.

Municipal Court Act (Laws 1902, c. 580) § 139, provides that no action shall be maintained in the Municipal Court on a written contract of conditional sale of personal property, except an action to foreclose a lien thereon. *Held*, that plaintiff, a conditional vendor of flour, could not maintain replevin against a city marshal, who had taken the goods on execution directed against the purchaser's husband.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 412, 439, 440, 442, 447, 448, 451, 452, 454, 458, 464, 465, 467, 468; Dec. Dig. ⬤➟188.]

Appeal from Municipal Court, Borough of the Bronx, Second District.

Action by Rosa Di Toro against Benjamin Horn. Judgment for plaintiff, and defendant appeals. Reversed, and complaint dismissed.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Henry Silverman, of New York City (Otto A. Glasberg, of New York City, of counsel), for appellant.

Sternberg, Jacobson & Pollock, of New York City (Henry W. Pollock, of New York City, of counsel), for respondent.

BIJUR, J. Plaintiff sued defendant, a city marshal, in replevin for certain bags of flour seized by him by virtue of an execution in favor of some third parties against one Ferdinando Castaldo. Plaintiff's claim is that she sold the flour seized, not to Ferdinando Castaldo at all, but to C. P. Castaldo, the latter's wife, and under a memorandum expressed in a receipt reading:

"It is strictly understood that all flour is delivered on consignment, and is not sold until paid for."

[1] Defendant urged below, on his motion to dismiss, that since plaintiff admitted that she knew that the flour was being continuously used by Mrs. Castaldo by way of making it up into bread in a bakery, that such use was inconsistent with the notion of the retention of title to the flour in plaintiff, and that consequently plaintiff, having parted with title to the flour, could not maintain the present action. Defendant appellant's contention in this respect is clearly sustained by authority. Scherl v. Flam, 129 App. Div. 561, 114 N. Y. Supp. 86; Cook v. Gross, 60 App. Div. 446, 69 N. Y. Supp. 924, and cases there cited.

[2] Defendant urges also that the Municipal Court, under section

139 of the Municipal Court Act, is *without jurisdiction to entertain the present suit.* This point is well taken. See Diamond v. Rosenblatt, 83 Misc. Rep. 57, 144 N. Y. Supp. 754; Jacobs v. Columbia Storage Co., 55 Misc. Rep. 268, 105 N. Y. Supp. 276; Ginzburg v. De Silvestri, 42 Misc. Rep. 530, 86 N. Y. Supp. 89.

Judgment reversed, with costs, and complaint dismissed, with costs. All concur.